**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Maimuna M.M.

Civ. No. 25-4622 (JWB/ECW)

Petitioner,

v.

Pamela Bondi, *U.S. Attorney General*; Kristi Noem, *U.S. Department of Homeland Security, Secretary*; Todd M. Lyons, *U.S. Immigration & Customs Enforcement, Acting Director*; Marcos Charles, *Enforcement and Removal Operations, Acting Executive Associate Director*; Eric Klang, *Sheriff, Crow Wing County Jail*,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART**

---

Isabelle Plunkett, Esq., and Marc Prokosch, Esq., Prokosch Law LLC, counsel for Petitioner.

Ana H. Voss, Esq., and Lucas B. Draisey, Esq., United States Attorney's Office, counsel for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and Marcos Charles.

---

Petitioner Maimuna M.M.[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241 and challenges her re-detention after more than a decade of release under an Order of Supervision. Petitioner contends that Respondents lacked the regulatory authority to revoke her release and failed to comply with mandatory procedures governing re-detention.

---

[1] This District has a policy of using last name initials for any nongovernmental parties in immigration cases.

This Court has jurisdiction to consider Petitioner's challenge to the lawfulness of her detention. *See* 28 U.S.C. § 2241. Petitioner does not challenge the validity of his removal order or the government's decision to commence removal proceedings. She challenges only the lawfulness of her re-detention considering the statutory and regulatory limits that govern the Department of Homeland Security's ("DHS") custody authority.

Because Respondents failed to satisfy the regulatory requirements authorizing re-detention, the Petition is granted to the extent it seeks Petitioner's release.

**BACKGROUND**

The following background is drawn from the uncontested allegations of the Petition and the record before this Court.

Petitioner Maimuna M.M. is a citizen of Somalia who was ordered removed from the United States on April 30, 2012. (Doc. No. 1, Petition at ¶¶ 3, 47.) Removal was ordered to "any country that will accept her," and Petitioner was granted withholding of removal with respect to Somalia. (*Id.* ¶¶ 3, 14.) Because removal was not reasonably foreseeable at the time, U.S. Customs and Immigration Enforcement ("ICE") released Petitioner and placed her on an Order of Supervision on May 9, 2012. (*Id.* ¶¶ 4–5.)

Petitioner remained in the community under supervision for more than 12 years. During that period, she complied with all conditions of her Order of Supervision—including required check-ins with ICE—and she was not accused of violating any supervision condition or committing any new crime. (*Id.* ¶¶ 6–8; 51–52.)

On December 4, 2025, ICE agents stopped Petitioner while she was driving and

took her into custody. (*Id.* ¶¶ 7, 56–57.) She has remained detained in Crow Wing County Jail since that date. (*Id.* ¶¶ 9, 57.) Respondents have not identified any violation of Petitioner's supervision conditions, any country willing to accept her, or any travel documents obtained or requested to effectuate removal. (*Id.* ¶¶ 8, 10, 15.)

Petitioner has not received a Notice of Revocation of Release identifying the reasons for re-detention, a Notice of Custody Determination, or any written explanation of changed circumstances supporting re-detention. (*Id.* ¶¶ 11–12, 58–64.)

## DISCUSSION

### I. Legal Standard

A writ of habeas is available where a petitioner is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Federal courts have jurisdiction to consider § 2241 petitions challenging continued detention following a final order of removal. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). The petitioner bears the burden of establishing unlawful detention by a preponderance of the evidence. *See Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025) (collecting cases).

### II. Analysis

#### A. The Government's Authority to Re-Detain a Noncitizen Released Under § 241.13.

The government's authority to detain a noncitizen subject to a final order of removal is limited. Detention beyond the removal period is lawful only where removal is significantly likely to occur in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at

699–701. When removal is not reasonably foreseeable, continued detention is not authorized, and release under supervision is required. *Id.* at 699.

DHS implemented the requirements of *Zadvydas* through regulations governing post-removal order custody determinations. *See* 8 C.F.R. §§ 241.4, 241.13. Under 8 C.F.R. § 241.13, ICE must release a noncitizen where removal is not reasonably foreseeable, and no special circumstances justify continued detention. Once a noncitizen has been released under § 241.13, ICE may revoke that release only in limited circumstances: a violation of supervised conditions or changed circumstances demonstrating a significant likelihood of removal in the reasonably foreseeable future. *Id.* § 241.13(i).

These limits are not discretionary. The government is bound to follow the regulations it has promulgated. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954) (holding that an agency is required to adhere to its own regulations).

### B. Respondents Failed to Establish Changed Circumstances or a Significant Likelihood of Removal

Respondents do not contend that Petitioner violated the conditions of her Order of Supervision. Re-detention therefore can be justified only upon a showing of changed circumstances demonstrating that removal is now significantly likely to occur in the reasonably foreseeable future. 8 C.F.R. § 241.13(i)(2).

Respondents have not made that showing. They have not identified any receiving country, any travel documents, any diplomatic communications or any concrete removal plan. (Petition ¶¶ 10, 13, 15, 64–67.) Generalized assertions that Respondents are

pursuing removal or "in the process" of obtaining travel documents do not satisfy § 214.13 or *Zadvydas*.

Nothing in the present record meaningfully distinguishes the circumstances that led to Petitioner's release in 2012 from those that exist today. Petitioner cannot be removed to Somalia because she was granted withholding of removal, and Respondents have identified no third country willing to accept her. (*Id.* ¶¶ 3, 10, 14–15.)

Decisions from this District applying § 241.13 to similar records have treated the absence of a receiving country, travel documents, or a concrete removal plan as dispositive. *See, e.g.*, *Liban O. v. Bondi*, Civ. No. 25-4560 (JWB/ECW), Doc. No. 10 (D. Minn. Dec. 17, 2025); *Yee S. v. Bondi*, No. 25-cv-2782 (JMB/DLM), 2025 WL 2879479, at *4 (D. Minn. Oct. 9, 2025); *Mahamed R. v. Bondi*, No. 25-cv-3196 (LMP/LIB), 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025); *Sarail A. v. Bondi*, No. 25-cv-2144 (ECT/JFD), 2025 WL 2533673, at *7 (D. Minn. Sept. 3, 2025).

### C. ICE Failed to Comply with the Procedural Requirements for Revoking Release

Even where a substantive basis for re-detention exists, § 241.13 imposes mandatory procedural requirements. ICE must notify the noncitizen of the reasons for revocation and conduct an initial informal interview promptly after returning the noncitizen to custody. 8 C.F.R. § 241.13(i)(3).

Those requirements were not met here. Petitioner did not receive notice identifying the reasons for revocation prior to her re-detention. (Petition ¶¶ 11–13, 58–63;

Doc. No. 7, Lee Decl. at Ex. A.) Conclusory or post-hoc notices do not satisfy the regulation.

Failure to comply with these procedural requirements independently renders continued detention unlawful. *Accardi*, 347 U.S. at 268.

**III. Relief**

Because Respondents failed to comply with the substantive and procedural requirements governing re-detention under 8 C.F.R. § 241.13, Petitioner's continued detention is unlawful. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) (noting that release is the "typical remedy" for "unlawful executive detention"). Petitioner is entitled to immediate release subject to the conditions of her existing Order of Supervision.

The Petition also alleges that Petitioner's re-detention occurred against a broader backdrop of public statements and enforcement actions directed toward Somali noncitizens. (Petition ¶¶ 54–55.) Petitioner contends that these circumstances reflect discriminatory or selective enforcement. (*Id.* ¶ 7.) Those allegations are not resolved here. The disposition rests on Respondents' failure to comply with the substantive and procedural requirements governing re-detention under 8 C.F.R. § 241.13. Consequently, no determination is required as to motive, intent, or the constitutional claims advanced.

Petitioner's requests for additional injunctive relief are denied on the present record. This Order does not bar future custody action taken in compliance with the governing law.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner Maimuna M.M.'s Petition for a Writ of Habeas Corpus (Doc. No. 1) is **GRANTED IN PART**.

2. Respondents shall immediately release Petitioner from custody subject to the conditions of her May 9, 2012 Order of Supervision.

3. Respondents shall confirm Petitioner's release within 48 hours of this Order.

4. All other requested relief is **DENIED** without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: December 19, 2025

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge